IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JASMINE MOAWAD, *et al.*,

    Plaintiffs,

v.                                        Civil Action No. PX-17-2257

GERALD ROGERO, *et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court in this tort action are three Motions to Dismiss, the first filed by Defendant Alicia Stern (ECF No. 11) and the second and third by Defendant Gerald Rogero (ECF Nos. 20 & 27). The matters are briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. Upon consideration of the parties' arguments, the Court GRANTS Stern's motion, GRANTS IN PART and DENIES IN PART Rogero's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 20), and DENIES Rogero's Motion to Dismiss under Federal Rule of Civil Procedure 41(b) (ECF No. 27).

**I.    BACKGROUND**

On December 5, 2014, Stern met her ex-husband, Edward Moawad ("Mr. Moawad"), to exchange custody of their child. ECF No. 11-1 at 1. Mr. Moawad's current wife, Jasmine Moawad ("Moawad"), and her son, Alexandro Farooq, the plaintiffs in this action, accompanied Mr. Moawad to the meeting. ECF No. 1 ¶ 9.

At Stern's apartment building, Rogero, an off-duty Special Agent of the Federal Bureau of Investigation (FBI), allegedly pushed Farooq, causing him to fall, suffer a concussion, and

1

injure his wrist, back, and kidney.[1]  ECF No. 1 ¶¶ 7, 23.  Plaintiffs allege that Rogero then drew his FBI-issued service weapon, pointed it at Farooq, shouted racially charged threats, threatened to arrest Farooq, and told Farooq that he would shoot him.  ECF No. 1 ¶¶ 7, 8, 14.  Plaintiffs assert that by drawing his weapon, Rogero illegally detained Farooq.  ECF No. 1 ¶ 41.  Moawad was present throughout the incident.  ECF No. 1 ¶ 12.  Plaintiffs claim to have suffered emotional distress and physical injuries as a result of Rogero's conduct.  ECF No. 1 ¶¶ 11–12.  Plaintiffs also allege that on or before the December 5, 2014, incident, Stern and Rogero conspired to harm Farooq and to cause Moawad emotional distress.  ECF No. 1 ¶ 7.

Plaintiffs bring six[2] claims: conspiracy to commit and commission of assault and battery (Count I), battery (Count II), conspiracy to commit and commission of intentional infliction of emotional distress (Count III), conspiracy to commit and commission of negligent infliction of emotional distress (Count IV), "temporary restraining order and preliminary injunction" (Count VI), and conspiracy to commit and commission of false imprisonment (Count VII).

Both Defendants move to dismiss Plaintiffs' conspiracy claims because Plaintiffs allege insufficient facts to state a claim upon which relief can be granted.  ECF No. 11-1 at 4–9; ECF No. 20-1 at 5–8.  Additionally, Defendants each argue that Plaintiffs' negligent infliction of emotional distress and "preliminary injunction" claims must be dismissed because they are not recognized causes of action.  ECF No. 11-1 at 9, 10–11; ECF No. 20-1 at 11–13.  Defendants also each assert that Plaintiffs' intentional infliction of emotional distress and false imprisonment claims should be dismissed for failure to plead facts sufficient to state a claim.  ECF No. 11-1 at

---

[1]   Rogero's physical contact with Farooq was the subject of a criminal proceeding in Montgomery County Circuit Court in which Rogero was found guilty of second degree assault after a jury trial and sentenced to probation before judgment.  *State v. Rogero*, Case No. 127534C.

[2]   The Court notes the mis-numbering in the initial Complaint, as the Plaintiffs do not include a fifth cause of action.  For ease of reference, the Court will refer to the causes of action as numbered by the Plaintiffs.

7–11; ECF No. 20-1 at 9–12.  Rogero argues in his first motion to dismiss that Moawad lacks standing to pursue claims on behalf of Farooq, who is now an adult.  ECF No. 20-1 at 4 n.2.  In his second motion to dismiss, Rogero argues that the Complaint should be dismissed for failure to prosecute.  ECF No. 27-1 at 2–3.

For the reasons stated below, the Court dismisses all claims against Stern and Counts III–VI against Rogero.  Moawad is also dismissed as a Plaintiff from the case.  The Court denies Rogero's motion to dismiss for failure to prosecute.

## II.     STANDARD OF REVIEW

Because Plaintiffs are proceeding pro se, the Court construes the Complaint liberally to ensure that potentially meritorious claims proceed.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  That said, the Court cannot ignore a pro se plaintiff's clear failure to allege facts setting forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.").  The Court, when reviewing pro se complaints, must not abdicate its "legitimate advisory role" to become an "advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must determine whether the complaint includes facts sufficient to state a claim to relief that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  A plaintiff must plead facts to support each element of the claim to satisfy the standard.  *See McCleary-Evans v. Md. Dep't of Transp., State*

*Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). In so assessing, the Court takes as true all well-pleaded factual allegations and makes all reasonable inferences in the plaintiff's favor. *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). The Court does not credit conclusory statements of law, even when couched as allegations of fact. *See Iqbal*, 556 U.S. 678–79; *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

Pursuant to Federal Rule of Civil Procedure 41(b), an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (holding that a district court may invoke Rule 41(b) *sua sponte*). Unless otherwise stated, dismissal under Rule 41(b) "'operates as an adjudication on the merits,' that is, with prejudice." *Rahim, Inc., v. Mindboard, Inc.*, No. GLR-16-1155, 2017 WL 1078409, at *2 (D. Md. Mar. 22, 2017) (quoting Fed. R. Civ. P. 41(b)). A dismissal with prejudice under Rule 41(b) is "a harsh sanction which should not be invoked lightly," particularly because the United States Court of Appeals for the Fourth Circuit has recognized "the sound public policy of deciding cases on their merits." *Id.* (internal quotation marks and citations omitted).

### III. DISCUSSION

#### A. Standing

As a preliminary matter, the Court addresses whether Moawad can bring claims on behalf of Farooq. *See* ECF No. 20-1 at 4 n.2. In the Complaint, Plaintiffs assert that they bring claims "individually and as representative of other party plaintiff." ECF No. 1 ¶ 3. Farooq and Moawad are both named Plaintiffs, and both signed the Complaint. ECF No. 1 at 1, 13. Although at the time of the incident Farooq was a minor, he is now over the age of eighteen. *See* ECF No. 1 ¶¶ 6–7. Consequently, Farooq has articulated that he is proceeding on his own

behalf. As the allegedly injured party, Farooq has standing to pursue his own claims. Moawad, on the other hand, cannot bring claims on Farooq's behalf.[3] Accordingly, to the extent Moawad intended to bring claims on behalf of Farooq, she cannot, and is dismissed as a personal representative of Farooq.

### B. Conspiracy

Rogero and Stern each argue that Plaintiffs fail to plead facts sufficient to state a conspiracy claim as alleged in Count I and incorporated in Counts III, IV, and VII. In Maryland, civil conspiracy consists of three elements, each of which a plaintiff must plausibly aver: "1) [a] confederation of two or more persons by agreement or understanding; 2) some unlawful or tortious act done in furtherance of the conspiracy or use of unlawful or tortious means to accomplish an act not in itself illegal; and 3) [a]ctual legal damage resulting to the plaintiff." *Lloyd v. Gen. Motors Corp.*, 397 Md. 108, 154 (2007) (internal quotation marks and citation omitted).

Construing all inferences in Plaintiffs' favor, the Complaint does not contain sufficient facts to demonstrate a conspiracy. Conclusory averments of an "illegal agreement . . . some time prior to December 5, 2014," do not save this claim, because Plaintiffs do not give "factual context suggesting agreement." *See* ECF No. 1 ¶ 7; *Twombly*, 550 U.S. at 549; *see Vollmar v. O.C. Seacrets, Inc.*, 831 F. Supp. 2d 862, 870 (D. Md. 2011). For example, the Complaint does not aver how Stern and Rogero knew each other, or even any facts that plausibly support an inference that the two had ever previously spoken, let alone conspired to cause harm to Plaintiffs. Accordingly, the Court must dismiss the conspiracy claims from the Complaint. Further,

---

[3] If Farooq continues to proceed *pro se*, he must do without Moawad's assistance because a "pro se, non-attorney parent of an adult child" may not litigate on behalf of the child. *Hunter v. Travelers, a Geico Ins. Agency, Inc. Co.*, No. 14-cv-2003, 2014 WL 12284042, at *15 (N.D. Ga. Nov. 20, 2014); *see also Myers v. Loudoun Cty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) ("non-attorney parents generally may not litigate the claims of their minor children in federal court").

5

because Stern's alleged involvement as pleaded is limited to conspiring with Rogero, Stern will be dismissed from the case. The sufficiency of the remaining claims pertains to Rogero as the remaining Defendant.

### C. Negligent Infliction of Emotional Distress, Temporary Restraining Order, and Preliminary Injunction

Defendants move to dismiss Count IV (negligent infliction of emotional distress) and Count VI ("temporary restraining order and preliminary injunction") because neither are legally cognizable claims. The Court agrees. Simply put, "Maryland does not recognize an independent tort for negligent infliction of emotional distress." *Miller v. Bristol-Myers Squibb Co.*, 121 F. Supp. 2d 831, 839 (D. Md. 2000). Thus, Count IV must be dismissed.

Next, restraining orders and injunctions are remedies, not causes of action. *See Orteck Int'' Inc. v. Transpacific Tire Wheel, Inc.*, 704 F. Supp. 2d 499, 521 (D. Md. 2010). Plaintiffs correctly included their request for the restraining order and the injunction in their Prayer for Relief. ECF No. 1 at 13. Thus, no need exists to plead "duplicative requests to proceed in the improper guise of independent causes of action." *Simone v. VSL Pharms., Inc.*, Civil Action No. TDC-15-1356, 2017 WL 66323, at *10 (D. Md. Jan. 5, 2017). Therefore, Count VI also must be dismissed.

### D. Intentional Infliction of Emotional Distress

Defendants next argue that Count III, intentional infliction of emotional distress, must be dismissed for failure to state a claim. Although intentional infliction of emotional distress is recognized in Maryland, it is reserved for only the most extreme and outrageous conduct that causes the plaintiff severe emotional distress. *See Batson v. Schiflett*, 325 Md. 684, 733 (1992). Such emotional distress is sufficiently "severe" if "no reasonable man could be expected to

endure" it, and it actually impairs the plaintiff's "ability to function on a daily basis," *Takacs v. Fiore*, 473 F. Supp. 2d 647, 652 (D. Md. 2007) (internal quotation marks and citations omitted). Plaintiffs must plead with specificity facts that show all requirements are met. *Farasat v. Paulikas*, 32 F. Supp. 2d 244, 247 (D. Md. 1997).

Plaintiffs failed to plead sufficient facts to infer *severe* emotional distress. Plaintiffs allege generally that Rogero's conduct caused Farooq "severe bodily injuries, mental anguish, humiliation and embarrassment," to include "anxiety, grief, mortification," and that he was "upset physically and emotionally with direct physical effects caused directly by the attack." ECF No. 1 ¶¶ 19, 20. Moawad also claims that she felt sick after the incident. ECF No. 1 ¶ 12. These facts certainly demonstrate physical and emotional injury caused by Rogero, but are not so severe that the injuries were impossible to bear or impaired Plaintiffs' ability to perform the tasks of daily living. Without well-pleaded factual allegations that demonstrate Plaintiffs' suffering was of the requisite severity, Plaintiffs have not adequately made out their intentional infliction of emotional distress claim. Thus, the Court dismisses Count III.

### E. Assault and Battery

In Count I, Rogero is alleged to have assaulted and battered both Plaintiffs. However, as Rogero rightly points out, the assault claim must be dismissed on limitations grounds. In Maryland, a civil assault claim must be brought within one year after the incident. *See* Md. Code Ann., Cts. & Jud. Proc. Art. § 5-105. Here, the incident occurred in December 2014, but Plaintiffs did not file their complaint until August 8, 2017, well beyond the limitations period. The assault claim in Count I, therefore, must be dismissed.

A battery claim, however, can be brought any time within three years of the incident. *See Ford v. Douglas*, 144 Md. App. 620, 623–25 (Md. Ct. Spec. App. 2002). The Court, therefore,

must assess the sufficiency of the Complaint in stating a battery claim. Battery in Maryland requires Plaintiffs to aver plausibly that Rogero intended to cause a harmful or offensive, non-consensual contact. *Beal v. Holloway-Johnson*, 446 Md. 48, 66 (2016) (quoting *Nelson v. Carroll*, 355 Md. 593, 600 (1999)). Accidental contact does not rise to the level of civil battery. *Id.* at 67. Rather, Plaintiffs must allege facts to support that Rogero's actions or words reflected his "general intent to unlawfully invade" either Plaintiff's "physical well-being." *Id.* at 66 (quoting *Nelson*, 355 Md. at 602–03) (internal quotation marks omitted).

The Complaint includes no facts that Rogero came into contact with Moawad or threatened her at all. Rather, Moawad witnessed the incident between Farooq and Rogero, but did not herself become the victim of Rogero's aggression. The battery claim as to Moawad, therefore, must be dismissed. As to Farooq, however, the Complaint robustly details a battery by Rogero. *See* ECF No. 1 at ¶¶ 8, 10–11. Farooq avers that Rogero shoved him to the ground, shouted epithets and him, and pointed a gun at him, threatening to shoot. And Rogero does not seriously contest that the battery claim as to Farooq is insufficiently pleaded.

Because both Count I and Count II seem to allege a battery of Farooq by Rogero, and only Count I alleges a battery of Moawad by Rogero, the Court dismisses Count I. However, the factual allegations in Count I relevant to Farooq's battery claim will remain for the purposes of Count II, and Count II—Rogero's battery of Farooq—is not dismissed.

### F. False Imprisonment

Lastly, the Court turns to the sufficiency of the false imprisonment claim (Count VII). Plaintiffs must plead facts sufficient for this Court to infer plausibly a deprivation of Plaintiff's liberty without consent and without legal justification. *Lipenga v. Kambalame*, 219 F. Supp. 3d 517, 527 (D. Md. 2016). The deprivation of liberty must arise from a "direct restraint" on the

plaintiff, by the defendant's "exercise of force, or threat of force, by which in fact the [plaintiff] is deprived of his liberty," that compels the plaintiff to "remain where he does not wish to remain, or to go where he does not wish to go." *Id.* (internal quotation marks and citation omitted); *see Mason v. Wrightson*, 205 Md. 481, 487 (1954).

Here, the Complaint avers that Rogero drew his weapon, pressed it to Farooq's head, threatened to arrest him, and threatened to kill him. ECF No. 1 at ¶¶ 14, 23. Such actions are obviously threats of force. Although Defendants argue that Rogero's conduct does not amount to false imprisonment, it blinks at reality to assert that putting a gun to a minor's head and threatening him with violence and arrest does not deprive that minor of his freedom of movement. *See Amaral v. Amaral*, No. 0086, Sept. Term 2014, 2015 WL 9257028, at *10 (Md. Ct. Spec. App. Dec. 17, 2015) (common law false imprisonment can be accomplished through intimidation if because of that intimidation "an individual feels compelled to remain where she does not wish to remain"); *Mahan v. Adam*, 144 Md. 355, 124 A. 901, 905 (1924) ("Any exercise of force, or threat of force, by which in fact the other person is . . . compelled to remain where he does not wish to remain . . . is an imprisonment."); *cf. Manikhi v. Mass Transit Admin*, 360 Md. 333, 366 (2000) (holding an implicit threat of force served to sufficiently deprive plaintiff of her liberty); *Johnson v. United Parcel Servs., Inc.*, 722 F. Supp. 1282, 1284–85 (D. Md. 1989), *aff'd*, 927 F.2d 596 (4th Cir. 1991) (no false imprisonment when plaintiff alleged no verbal threat of force or conduct that restricted his means of escape). Accordingly, the Complaint contains well-pleaded facts to support that Farooq was compelled to remain where he did not wish to or else risk getting shot, and so the false imprisonment claim proceeds. The motion to dismiss Count VII is denied.[4]

---

[4] To the extent that Count VII was intended to state a false imprisonment claim on behalf of Moawad, such a claim *is* insufficiently pleaded, and properly is dismissed.

### G. FRCP Rule 41(b): Failure to Prosecute

Rule 41(b) of the Federal Rules of Civil Procedure allows the Court to dismiss a case "if the plaintiff fails to prosecute or comply with . . . a court order." Fed. R. Civ. P. 41(b); *see Link*, 370 U.S. at 629–30. The Court assess four factors to determine whether a case should be dismissed for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990).[5]

Although Plaintiffs have, on occasion, submitted pleadings untimely or failed to respond, no evidence supports a finding that Plaintiffs have deliberately impeded this case. Rather, Moawad and Farooq have replied to Defendants' motions consistent with their status as *pro se* litigants. *See* ECF Nos. 6, 7, 16, 32. Moreover, the short delay in the orderly progression of this case appears to be the result of the Plaintiffs having changed residences. This delay alone does not warrant dismissal with prejudice. *Cf.* D. Md. Loc. R. 103.8(b) (dismissal warranted after nine months of inaction). Rogero's Rule 41(b) motion to dismiss is denied.

### IV. CONCLUSION

For the reasons stated in this Memorandum Opinion, it is this 30th day of May, 2018, by the United States District Court for the District of Maryland, ORDERED that:

1. The Motion to Dismiss filed by Defendant ALICIA STERN (ECF No. 11) BE, and the same hereby IS, GRANTED. Stern is dismissed from the case.

---

[5] The Court recognizes Rogero's memorandum, ECF No. 27-1 at 2-3, relies extensively, if not entirely, on this Court's prior opinion in *Crussiah v. Inova Health Sys.*, Civil Action No. PX 14-4017, 2017 WL 3868522 (D. Md. Sept. 5, 2017). While the Court analyzes the argument in this case using the same standards, it reaches a different conclusion. The plaintiff in *Crussiah* twice failed to appear for telephonic hearings. The Court issued a show-cause Letter Order warning the plaintiff that failure to appear would lead to dismissal, and the plaintiff failed to respond. Finally, the plaintiff failed to take part in litigation for an entire year. *Crussiah*, 2017 WL 3868522, at *1–3.

2. The Motion to Dismiss filed by Defendant GERALD ROGERO (ECF No. 20) BE, and the same hereby IS, GRANTED IN PART and DENIED IN PART. Counts I, III, IV, and VI are DISMISSED. The factual allegations pleaded in Count I related to the battery of Plaintiff Farooq by Rogero shall be construed as part of Count II.

3. The Motion to Dismiss for Failure to Prosecute filed by Defendant GERALD ROGERO (ECF No. 27) BE, and the same hereby IS, DENIED;

4. As to the remaining Counts, none survive as to Moawad; thus Moawad is dismissed from the case;

5. Rogero is ORDERED to answer Counts II and VII by June 13, 2018; and

6. The Clerk is directed to transmit copies of this Memorandum Opinion and Order to Plaintiffs and counsel for Defendants.

| 5/30/2018 | /S/ |
|---|---|
| Date | Paula Xinis |
| | United States District Judge |